IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| QUAD INTERNATIONAL, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 12-675-N |
| | ) | |
| JOHN DOE, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

On November 6, 2012, the court entered an Order to Show Cause (doc. 3) why the fictitious defendant should not be stricken and the case dismissed. Plaintiff filed a response (doc. 4), which the court found (doc. 5) to be inadequate to avoid dismissal; however, recognizing that other courts had allowed plaintiffs to file suit against a fictitious defendant in similar situations, the court allowed plaintiff another opportunity to address the issue. Plaintiff has now done so (doc. 6).

In addition, the court considers plaintiff's Motion for Discovery (doc. 2), along with the issues raised by the use of fictitious parties. For the reasons set forth below, the court preliminarily determines that the action may proceed against the "John Doe" defendant; this determination may be subject to reconsideration *nunc pro tunc* if timely challenged by defendant once he has been notified of the pending subpoena[1] or identified and served with process. The court further finds that plaintiff's Motion for Discovery is due to be DENIED as set forth below.

[1] During the pendency of the third-party subpoena, the party identified may file a Motion to Quash the subpoena and, if appropriate, may request leave to do so anonymously.

Fictitious Party Practice

As previously noted in the court's order, fictitious party pleading is not generally permitted in federal proceedings. *See, e.g.,* New v. Sports & Recreation, Inc., 114 F.3d 1092, 1094 n.1 (11th Cir. 1997); Richardson v. Johnson, 598 F.3d 734, 738 (11th Cir. 2010); *see also* Dean v. Barber, 951 F.2d 1210, 1215016 (11th Cir. 1992)(recognizing limited exception to general rule); Moulds v. Bullard, 345 Fed.Appx. 387, 390 (11th Cir. 2009)(same). Plaintiff filed this complaint against a single fictitious defendant, with no named defendant, and seeks leave to conduct pre-service discovery by third-party subpoena to determine the real name of that party.

In its second response to the order to show cause, plaintiff's counsel has cited cases from several Circuits allowing fictitious party practice in situations similar to that presented here. Further, plaintiff has cited one case from a district court within the Eleventh Circuit, in which limited discovery has been allowed to seek the identity of a John Doe defendant; however, as noted by plaintiff, that court did not expressly consider whether fictitious party practice should be allowed in that situation under Eleventh Circuit precedent. *See* AF Holdings v. Darryl Lessere, 1:12-cv-22156-UU, Dkt. 5 (S.D.Fla. June 14, 2012). Despite the court's order, plaintiff has not addressed binding Circuit precedent concerning fictitious party practice, nor shown how the proposed exception fits within the framework established by such precedent.

The Court must determine whether binding Circuit precedent precludes recognition of an expanded or new exception to the general rule against fictitious party pleading. In Dean v. Barber, 951 F.2d 1210, 1215-16 (11th Cir. 1992), the Court held that a *pro se* litigant—to whom courts are required to give particular leeway in pleading, *see*

Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008)—should have been allowed an opportunity to name a John Doe defendant where his description of the unknown defendant was so detailed as to render the "Doe" designation mere surplussage. Thereafter, in Moulds v. Bullard, 345 Fed.Appx. 387, 390 (11th Cir. 2009)[2], the Court applied Dean and affirmed a district court's decision to dismiss claims against John Doe correctional officers. The Moulds Court found that plaintiff had completely failed to describe some officers, and had described others in general terms, such as by indicating the duty stations to which they were assigned; the Court noted that plaintiff had notrimely requested discovery to learn the defendants' names, and held that the district court had not abused its discretion in dismissing those claims.

In Richardson v. Johnson, 598 F.3d 734, 738 (11th Cir. 2010), the Court of Appeals held as follows:

> We also conclude that the district court correctly dismissed Richardson's claim against John Doe. As a general matter, fictitious-party pleading is not permitted in federal court. *See, e.g.*, New v. Sports & Recreation, Inc., 114 F.3d 1092, 1094 n. 1 (11th Cir. 1997). We have created a limited exception to this rule when the plaintiff's description of the defendant is so specific as to be "at the very worst, surplusage." Dean v. Barber, 951 F.2d 1210, 1215-16 (11th Cir.1992). In this case, however, Richardson identified the defendant as "John Doe (Unknown Legal Name), Guard, Charlotte Correctional Institute" in his complaint. Although he later referred to the "John Doe" defendant as "a Mr. Mitchell" in his letter to Matthew in January 2008, he did so only after the district court had dismissed his claim. Thus, the description in Richardson's complaint was insufficient to identify the defendant among the many guards employed at CCI, and the district court properly dismissed this claim.

Identification of the particular guard at issue in Richardson appears to be the type of information which would have been a reasonably simple matter to obtain through use

[2] *See* Fed. Rule of Appellate Procedure 32.1 generally governing citation of judicial decisions issued on or after Jan. 1, 2007. *See also* Eleventh Circuit Rules 36-2, 36-3.

of discovery. The case involved a *pro se* plaintiff, yet the Court affirmed dismissal of the Doe defendant. The Richardson decision might thus be read to foreclose an extension of the exception set forth in Dean to include cases in which discovery could lead to identification of the fictitious party.

In addition, several district courts in this Circuit have ruled against fictitious party practice on the basis of these cases, in situations in which identification of the Doe defendant through discovery appears to have been a straightforward matter. *See e.g.*, Baldwin v. Benjamin, 2010 WL 1690653 *1 (M.D.Ga., Jan. 22, 2010), *Report and Recommendation adopted in part, rejected in part on other grounds*, 2010 WL 1654937 (M.D.Ga. Apr. 23, 2010)(Denying *pro se* litigant leave to amend to add fictitious party insurer on basis that John Doe pleading only allowed on terms set forth in Dean and Moulds); Ellis v. Danforth, 2012 WL 5183558 *3 (M.D.Ga. September 13, 2012)(finding that "Medical Contractor" for jail was due to be dismissed in part because it was not adequately identified to allow service); Lolley v. Louisiana Correctional Services, 2010 WL 2348609 (S.D.Ala. May 21, 2010)("Fictitious party practice is allowed in federal court only when sufficient identifying information is available so the defendant may be served with process," *citing* Dean); Featherstone v. Home Oil Co., 2011 WL 5978774, *1 n.4 (S.D.Ala., November 08, 2011)(same); *but see* Daleo v. Polk County Sheriff, 2012 WL 1805501 (M.D.Fla. May 17, 2012)(holding that fictitious defendants were allowed where their identities were not known and could be readily determined through discovery, where they were identified as those guards involved in executing a particular warrant at a certain place and time); Anderson v. Tyus, 2008 WL 4525143 (N.D.Fla.

Sept. 30, 2008)(holding that Dean allowed, at least in part, use of fictitious party where discovery could uncover identity).

In none of these cases which declined to expand the exception to the rule against fictitious party pleading—including particularly the Circuit Court's decision in Richardson—did the plaintiff contemporaneously seek narrowly-tailored discovery designed to identify the John doe defendant or expressly make an argument in favor of the rule proposed here. The closest analogue to that situation is found in Dean. As the district court argued in Anderson v. Tyus, the Dean court cited the lack of discovery response as a relevant consideration. Anderson, at *2 (*citing* Dean at 1215). "That decision was based, at least in part, on the notion that 'discovery would uncover Defendant's identity' and that the plaintiff had not yet had sufficient time to discovery the fictitious party's identity." Id. In that §1983 case, the named official defendants were supposed to have filed a Special Report; the plaintiff noted in his motion to join additional defendants—including the fictitious defendant at issue-that he had not yet received that report. The Court noted that the Special Report would have provided plaintiff with the name of the Chief Correctional Officer. Dean, at 1215. While the decision did not expressly tie its new exception to those facts, it appears that the Court did not intend to foreclose appropriate relief under those facts.

Accordingly, it is the opinion of this court that binding precedent does not foreclose the possibility of recognizing an exception, as has been approved in other Circuits, allowing a plaintiff to name fictitious party defendants where discovery is needed to determine the identity of such persons. In addition, the court recognizes that a plaintiff may properly seek early discovery pursuant to Rule 26(d), prior to the

completion of the Rule 26(f) conference by court order, and the situation in which a plaintiff is unable to name any defendant without such discovery appears to be a valid situation in which such relief might be granted.

The court holds that plaintiff may bring this action against the fictitious party defendant identified in the Complaint for a reasonable period of time necessary to conduct discovery on that issue. It is the opinion of the court that such exception is appropriate where a) the fictitious part is a real person whose identity is unknown, b) plaintiff contemporaneously seeks to ascertain the identity of the fictitious party through limited discovery, and c) the court finds that such proposed discovery is narrowly tailored and is likely to lead to identification of the fictitious party. *See e.g*. Quick v. Dupnick, 951 F.2d 361, 1991 WL 270778 (9th Cir.)(table, text in Westlaw)(remand granted for amendment to add John Doe and to allow limited discovery to identify fictitious party); Quad Int'l, Inc. v. Doe, 2012 WL 5868966 (N.D.Cal., Nov. 19, 2012). The court finds such an exception to be appropriate where, as here, plaintiff knows of no party defendant which could be named and thus cannot otherwise bring suit; the court makes no determination of the propriety of this procedure where plaintiff knows the identity of other defendants against whom discovery may proceed in the usual course of litigation, and where presently-unidentified defendants may be added by amendment once such discovery leads to identification of the Doe defendants.

Discovery

In this action, plaintiff has filed an Ex Parte Motion for Expedited Discovery (doc. 2). Plaintiff requests leave to issue a non-party subpoena seeking the identities of

the persons to whom certain IP addresses were registered[3] at a particular time. The relevant time, according to the complaint, is that period when defendant's investigators allegedly noted unspecified "illegal activity" occurring which involved the listed IP addresses.

The Complaint includes a single "John Doe" defendant; fictitious party practice has been allowed in this case on the basis that discovery is likely to produce that defendant's name. However, plaintiff's discovery motion refers to the identification of "the Doe Defendant and his or her co0conspirators," doc. 2 at 1, and seeks discovery concerning 34 separate IP addresses through 6 different Internet Service Providers. The expedited discovery requested thus appears on its face to extend far beyond the scope of the valid justification for such discovery—identification of the single fictitious party against whom this action is brought.

Plaintiff has alleged (doc. 1 at ¶21) that it has obtained not only the IP address, but also information such as the specific websites that were accessed and the files that were downloaded during that unauthorized access. However, plaintiff has not provided sufficient information to allow the court to determine which of the listed IP addresses was used to conduct the "hacking activity" charged against the John Doe" defendant.[4] Accordingly, plaintiff's Motion for Expedited Discovery is due to be denied with leave to

---

[3] In the event that the IP addresses were leased to another Internet Service Provider ("ISP"), plaintiff alternatively seeks the identity of that ISP so that it may issue a second subpoena seeking the identity of the subscriber.

[4] The proposed subpoena separately identifies a single number which plaintiff might have intended to identify as having conducted the "hacking activity" at issue, but such a conclusion is not expressed in the motion and the court is not willing to make such an assumption.

refile to identify the single IP address which plaintiff alleges was involved directly in the "hacking activity" charged against the John Doe defendant.

Further, plaintiff's Motion for discovery seeks leave to serve non-party subpoenas not only on the ISPs which assigned the IP addresses related to the "hacking activity" and the alleged "coconspirators;" the proposed order contains a provision purporting to allow further discovery "From Internet Service Providers (ISPs) of aforementioned IP addresses **and any other entity identified as a provider or internet services to John Doe and his or her co-conspirators in response to a subpoena or as a result of ongoing hacking activity monitoring**." (Emphasis added) In the event that plaintiff files a second motion for discovery, this provision would be inappropriate; the court will not grant such *carte blanche* authorization for open-ended discovery on an *ex parte*, expedited basis. Upon proper motion, plaintiff may be allowed to serve a follow-up subpoena if the relevant ISP had leased the IP address at issue to another ISP.

Finally, in making its renewed motion, plaintiff should present evidence sufficient to make at least a prima facie showing that the requested information is likely to lead to identification of "John Doe," the person identified in the Complaint as having allegedly cracked plaintiff's website. Such showing should demonstrate why it is sufficient to identify the person to whom the ISP account related to the IP address is reistered, such that naming such party is proper pursuant to Fed.R.Civ.P. 11. That showing should also demonstrate that amendment of the Complaint to name such person in place of the "John Doe" defendant would satisfy the requirement that the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(internal quotation marks omitted); *see* Bell

Atl. Corp. v. Twombly, 550 U.S. 544 (2007). Generally, a plaintiff must plead facts that permit a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, at 678. This 'plausibility standard' requires a plaintiff to show "more than a sheer possibility that a defendant has acted unlawfully." Id.

Specifically, the proposed subpoena seeks the identity of the person to whom the IP address was registered at the time of the alleged hacking activity. That information seems likely only to identify the account holder in whose name the ISP account was opened; that information is distinct from the identity of the person who used that account to conduct the alleged "hacking activity." *See e.g.,* Quad Int'l, Inc. v. Doe, at *3 (*citing* McCoy v. Southwest Airlines Co., Inc., 211 F.R.D. 381, 385 (C.D.Cal. 2002)).[5] It appears common for multiple authorized users n a single home or office to use the same ISP account, and it is the understanding of the court that it has become increasingly common for other persons with nefarious intent to hack into an unprotected or inadequately-protected home network or wifi hotspot to make use of an IP address that is thus not traceable to them. The court thus questions whether plaintiff can show either that limited discovery is likely to ascertain the correct party, *see e.g*., Quad Int'l Inc. v. Doe, *supra* (applying four factors as test for pre-service discovery), or that the substitution of such a party for the John Doe defendant would satisfy the requirements of Rule 11 and the rule announced in Iqbal/Twombly.

[5] Plaintiff alleges that pornographic material was improperly obtained by defendant. Such an allegation, if made public, would tend to embarrass many Americans, particularly if untrue. In the event that discovery is allowed, and in light of the privacy interests at stake, the court will consider entering a protective order *sua sponte. See* Fed.R.Civ.P. 26(c)(1) ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense… ."). Of course, the court would also consider modifications to such order upon motion by the parties or by a person whose identifying information is implicated.

Finally, in the event that discovery is allowed, the court will establish deadlines for conducting discovery and amending the complaint.

Conclusion

For the reasons set forth above, it is hereby ORDERED that plaintiff's Ex Parte Motion for Discovery is DENIED, with leave to refile in accordance with this opinion. The court finds sufficient grounds at this stage of the case to believe that plaintiff may be entitled to pursue this action against a fictitious party; that determination is subject to review should plaintiff fail to file a sufficient motion for discovery within a reasonable time.

DONE this the 7th day of January, 2013.

/s/ Katherine P. Nelson
UNITED STATES MAGISTRATE JUDGE